UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey L. Wissot, DDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Great-West Life and Annuity Insurance Co. and American Dental Association,<br><br>　　　　Defendants. | CV 11-10040 RSWL (JCGx)<br><br>**Statement of Uncontroverted Facts and Conclusions of Law Re: Defendant's Motion for Summary Judgment** [18] |

After consideration of the papers and arguments in support of and in opposition to Defendant Great-West Life and Annuity Insurance Company's ("Defendant") Motion for Summary Judgment Regarding Choice of Law Issue [18], the Court makes the following findings of fact and conclusions of law.

## UNCONTROVERTED FACTS

1. The American Dental Association ("ADA") sponsors group insurance plans for the benefit of its members. Goodreau Decl. ¶ 1.

2. In 1992, the ADA contracted with Defendant to

1

1 administer and insure a group disability income
2 protection plan in order to insure qualifying ADA
3 members.  Id. at ¶¶ 5-6.
4    3. In relevant part, the 1992 version of the group
5 policy stated that the policy was "subject to the laws
6 of the State of Illinois" (Id. at Ex. 2, p. 28) and,
7 under the heading "Conformity With Statutes," that it
8 was "amended to comply at all times with the minimum
9 requirements of the State of Illinois which apply to
10 Group Long Term Disability Insurance" (Id. at Ex. 2, p.
11 51).
12    3. An essentially identical version of the
13 "Conformity With Statutes" provision was included in
14 corresponding individual certificates issued to insured
15 members.  Id. at Ex. 3, p. 69.
16    4. On July 27, 1996, Plaintiff, a member of the
17 ADA, became insured with Defendant under the group
18 policy.  Wissot Decl. ¶ 1.
19    5. The ADA and Defendant subsequently changed some
20 of the features of the group policy, effective May 1,
21 1997.  Goodreau Decl. ¶ 7.  A replacement policy
22 document and replacement individual certificates were
23 issued to all covered members.  Id. at ¶¶ 7-8, Exhs. 4,
24 5.
25    6. In relevant part, the 1997 version of the group
26 policy stated that the group policy was "subject to the
27 laws of the State of Illinois."  Id. at Ex. 4, p. 89.
28 Furthermore, the 1997 version of the policy provided

that "[t]his [group] policy and any dispute between a **Member** and the Company arising in connection therewith are subject to and governed by and shall be construed in accordance with Illinois law." Id. at Ex. 4, p. 116 (emphasis in original).

7. An essentially identical version of the latter provision was included under the heading "Conformity With Statutes" in the individual replacement certificates issued to covered members, including Plaintiff. Id. at ¶ 7, Ex. 5, p. 140.

8. In 2003, Plaintiff filed a claim with Defendant for total disability benefits, which was approved. However, in August 2012, upon Plaintiff reaching age sixty-five, Defendant ceased paying him certain benefits. Id. at ¶ 2.

**CONCLUSIONS OF LAW**

1. In adjudicating state law claims, a federal court applies the choice of law principles of the state in which it sits. Abat v. Chase Bank USA, N.A., 738 F. Supp. 2d 1093, 1095 (C.D. Cal. 2010).

2. California law provides that in determining whether a choice-of-law provision is enforceable, the Court must apply Restatement (Second) of Conflict of Laws ("Restatement") § 187(2). Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459 (1992).

3. Pursuant to Restatement § 187(2), the Court's first step is to determine whether the chosen state, in this case Illinois, has a substantial relationship to

3

the Parties or to their transaction, or whether there is any other reasonable basis for applying the law of the chosen state. <u>Nedlloyd</u>, 3 Cal. 4th at 466. If this initial test is satisfied, California law dictates that the Illinois choice-of-law provisions be enforced, unless Plaintiff establishes that Illinois law is contrary to a fundamental public policy of California and California has a materially greater interest in the determination of the particular issues at hand. <u>Wash. Mut. Bank, FA v. Superior Court</u>, 24 Cal. 4th 906, 917 (2001).

4. The initial test is satisfied in this case, as reflected by Defendant's assertion that Illinois has a substantial relationship with the Parties (Def.'s Mot. 7:13-22) and Plaintiff's acknowledgment that, for purposes of the <u>Nedlloyd</u> test, Illinois has a "sufficient" relationship to the Parties' transactions (Pl.'s Opp'n 8:22-24).

5. Accordingly, the Illinois choice-of-law provisions are enforceable, for even if their enforcement contravenes a fundamental public policy of California, Plaintiff has not shown that California has a "materially greater interest" than Illinois in having its law applied in this Action. See <u>Abat</u>, 738 F. Supp. 2d at 1096.

6. With regard to whether Plaintiff's claims are covered by the Illinois choice-of-law provisions, the California Supreme Court has noted that "the scope of a

4

choice-of-law clause in a contract is a matter that ordinarily should be determined under the law designated therein." Wash. Mutual, 24 Cal. 4th at 916 n.3. See also Nedlloyd, 3 Cal. 4th at 469 n.7. Thus, the Court looks to Illinois law in determining whether Plaintiff's claims are subject to the Illinois choice-of-law provisions.

7. Claims two through seven are subject to the Illinois choice-of-law provisions because they each "depend upon" the group policy contract in various ways, including the fact that they could not exist were it not for the existence of the group policy contract. See Amakua Dev. LLC v. Warner, 411 F. Supp. 2d 941, 955 (N.D. Ill. 2006).

8. Given Plaintiff's concession that if his claims are subject to the Illinois choice-of-law provisions, claims three and four should be dismissed pursuant to 215 Illinois Compiled Statute 5/155 (Pl.'s Opp'n 21:5-7, 22:13-14), Plaintiff's third and fourth claims are accordingly dismissed.

9. Based on the foregoing, Defendant is entitled to summary judgment on the issues of (1) whether the Illinois choice-of-law provisions are enforceable, (2) whether the Illinois choice-of-law provisions cover

///
///
///
///

Plaintiff's claims two through seven, and (3) dismissal of claims three and four.

**IT IS SO ORDERED.**

DATED: December 12 , 2012.

                RONALD S.W. LEW
                **HONORABLE RONALD S.W. LEW**
                Senior, U.S. District Court Judge